*350 OPINION.
Littleton :
For the purpose of the excess-profits tax the Commissioner determined that the amount which petitioner was entitled to have included in its statutory invested capital for the taxable year on account of patents was $17,500. His action in this regard was strictly in accordance with the provisions of section 326 (a) (4) of the Revenue Act of 1918. Petitioner contends, however, that it is not the purpose of the statute to so limit the amount by which income shall be reduced on account of property invested in business in determining the amount of such income, to be subjected to the excess-profits tax, when such property has not been withdrawn or distributed, merely because the par value of the capital stock of the corporation was reduced prior to March 3, 1917, and that, therefore,, it is entitled to include in its invested -capital for the calendar year. 1920 the actual cash value in patents at the.time paid in, and that, the excess of the actual cash value of all property, including patents originally paid in, in excess of the par value of the stock- as reduced, should be included in invested capital for the year 1920 as a paid-in surplus.
It is not necessary to consider whether there is merit in petitioner’s, contention that it is entitled to a paid-in surplus in respect , of the patents for the year 1920, inasmuch as no competent evidence was introduced indicating that the patents and the contract rights. to additional patents obtained by Kiefer had any value at the time paid in for stock in excess of that determined by the Commissioner,
In respect to petitioner’s alternative claim that it is entitled to have its profits tax determined under the provisions of section. 328 of the Revenue Act of 1918, we have no competent evidence showing-the petitioner’s income, invested capital, or. the total tax for the year or that there were any abnormal conditions affecting either the capital or the income during 1920.

Judgment will be entered for the Commissioner.